UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL REARDON and
SANDRA REARDON,

       Plaintiffs,

                                        Case Number 11-10116-BC
v.                                     Honorable Thomas L. Ludington

MIDLAND COMMUNITY SCHOOLS,
LAURIE STEVENS, and KURT FAUST,

       Defendants.
_____ /

**ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND DIRECTING PLAINTIFFS TO SUBMIT A SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On April 27, 2011, Defendants filed a motion for a protective order, asking the Court to stay discovery until their earlier filed dispositive motion is resolved. The motion indicates that Plaintiffs noticed two depositions for May 17, 2011. It further indicates that Plaintiffs have declined to voluntarily stay discovery pending resolution of the dispositive motion. The Court ordered Plaintiffs to file an expedited response to Defendants' motion for a protective order on May 9, 2011. The same day, Plaintiffs filed a joint response to the motion for a protective order and the dispositive motion.

Plaintiffs' response focuses solely on the facts of the case[1] and argues that the motion for a protective order should be denied because Plaintiffs should be provided with an opportunity to conduct discovery before responding to a Rule 56(a) motion for summary judgment. *See* Fed. R.

---

[1] Notably, although Plaintiffs focus on the facts, they do not attach the e-mails or text messages they purport to be quoting from. To the extent Plaintiffs are quoting from documents of reasonable length, the entire document should be attached to the brief.

Civ. P. 56(d) (noting that when facts are unavailable to a party responding to a motion for summary judgment, the party may set forth the facts that it needs to oppose the motion and the Court may defer consideration of the motion pending additional discovery). Plaintiffs ignore the fact that Defendants' dispositve motion relies not just on Rule 56(a), but also Rule 12(c). Rule 12(c) provides an avenue for a party to move for judgment based only on the pleadings. When considering a Rule 12(c) motion, the Court assumes all of the facts included in Plaintiffs' complaint are true, and determines whether the complaint states a claim for relief. *See Lowden v. County of Clare*, 709 F. Supp. 2d 540, 545–46 (E.D. Mich. 2010) (explaining the Rule 12(c) standard of review). In short, a Rule 12(c) motion provides a way for a defendant who believes she is facing a frivolous claim to say to the plaintiff: "Even if everything you say is true, your complaint should still be dismissed."

In their motion, Defendants raise issues, in particular qualified immunity, that are often decided purely as a matter of law. Indeed, the Supreme Court has instructed district courts that "discovery should not be allowed" until the threshold issue of qualified immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). After all, immunity is not a "defense," but "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 553 U.S. 194, 200 (2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

As a result, Defendants' motion for a protective order will be granted and Plaintiffs will be directed to submit a supplemental brief explaining why the legal issues raised in Defendants' motion for judgment on the pleadings do not entitle Defendants to judgment as a matter of law. To the extent there is a specific factual issue raised in Plaintiffs' complaint that entitles them to discovery, that issue should be addressed with particularity. While "detailed factual allegations" are not necessary for a complaint to survive a Rule 12(c) motion, their "obligation to provide the 'grounds'

of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining the claims pleaded in a complaint must be "facially plausible" to survive a motion to dismiss).

Accordingly, it is **ORDERED** that Defendants' motion for a protective order [Dkt. # 16] is **GRANTED**. Discovery will be stayed pending resolution of Defendants' motion for judgment on the pleadings.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to submit a supplemental response to Defendants' motion for judgment on the pleadings on or before **May 25, 2011**. Defendants may file a reply to the supplemental response in accordance with the Local Rules.

It is further **ORDERED** that a hearing on Defendants' motion for summary judgment and for judgment on the pleadings [Dkt. # 16] will be held on **July 14, 2011 at 4:00 p.m.** at the United States District Courthouse, 1000 Washington Avenue, Bay City, Michigan. Pursuant to Plaintiffs' request, the Court will also hold a status conference at that time.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: May 10, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 10, 2011.

        s/Tracy A. Jacobs
        TRACY A. JACOBS